UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 23-1474-DDP (KS)                                        Date: August 10, 2023

Title   <u>Lawrence Parker Hughes v. Bryan D. Phillips, Warden</u>

Present: The Honorable:   Karen L. Stevenson, Chief United States Magistrate Judge

           E. Quintero for G. Roberson                                    N/A
                  Deputy Clerk                                    Court Reporter / Recorder

       Attorneys Present for Petitioner: N/A          Attorneys Present for Respondent: N/A

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

I.      **The Petition and Prior Proceedings**

On July 26, 2023, Petitioner, a California state prisoner represented by retained counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). (Dkt. No. 1.) The Petition and attached Memorandum of Points and Authorities raise three claims challenging a special circumstance finding made in Petitioner's January 9, 2013 conviction in the San Bernardino County Superior Court of two counts of murder (case no. FBA700552). (*Id.* at 2, 5, 7); *see also People v. Hughes*, No. FBA700552 (*trial court case information and docket entries available at sb-court.org*) (last accessed Aug. 10, 2023).[1] On March 12, 2013, the trial court sentenced Petitioner to state prison for a term of two consecutive life sentences without the possibility of parole. *People v. Hughes*, No. FBA700552-2 (3/12/2013 Legacy Minutes).

Petitioner appealed the judgment of conviction to the California Court of Appeal, Fourth Appellate District, Division Three, and the state appellate court affirmed the conviction and sentence in full on May 18, 2015. *People v. Ige*, No. G050722, 2015 WL 3429367, at *14 (Cal. Ct. App. May 28, 2015). On August 26, 2015, the California Supreme Court denied review of the state appellate court's decision without comment or citation. *People v. Ige*, No. S227221 (Cal.

---

[1] Federal courts may take judicial notice of relevant state court records in federal habeas proceedings. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2001), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Zinman v. Asuncion*, No. 2:22-cv-00886-JVS-JC, 2022 WL 580731, at *1 (C.D. Cal. Feb. 24, 2022) (taking judicial notice of the dockets of the California Court of Appeal).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   CV 23-1474-DDP (KS)                                                                 Date: August 10, 2023

Title   <u>Lawrence Parker Hughes v. Bryan D. Phillips, Warden</u>

2015), *case information and docket entries available at http://appellatecases.courtinfo.ca.gov* (last accessed Aug. 10, 2023).[2]

Petitioner filed four habeas petitions in the state courts, two in the California Court of Appeal (case no. G054839, filed on April 7, 2017, denied on April 27, 2017; and case no. G061995, filed on November 1, 2022, denied on January 12, 2023), and two in the California Supreme Court (case no. S242794, filed on June 26, 2017, denied on May 23, 2018; and case no. S278135, filed on January 17, 2023, denied on May 17, 2023).  *Case information and docket entries available at http://appellatecases.courtinfo.ca.gov* (last accessed Aug. 10, 2023).

### II.    Habeas Rule 4

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires a district court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Thus, Rule 4 reflects Congress's intent for the district courts to take an active role in summarily disposing of facially defective habeas petitions.  *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).  However, a district court's use of this summary dismissal power is not without limits.  *Id.* at 1128.  A habeas court must give a petitioner notice of the defect and the consequences for failing to correct it as well as an opportunity to respond to the argument for dismissal.  *Id.*  Accordingly, **by this Order, the Court notifies Petitioner that the Petition is subject to dismissal because it is facially untimely.**

### III.   The Petition is Facially Untimely

Based upon the background facts outlined above, the Petition is subject to summary dismissal because it is untimely.  The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs this action, establishes a one-year statute of limitations for state prisoners to file a federal habeas petition.  28 U.S.C. § 2244(d)(1).  The "statutory purpose" of the one-year limitations period is to "encourag[e] prompt filings in federal court in order to protect the federal system from being forced to hear stale claims."  *Carey v. Saffold*, 536 U.S. 214, 226 (2002).  The one-year limitations period is subject to a statutory tolling provision, which suspends it for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court.  28 U.S.C. § 2244(d)(2); *Patterson v. Stewart*, 251 F.3d 1243, 1247 (9th

---

[2]  Petitioner was tried with codefendant Garrett Kazuo Ige.  *People v. Ige*, 2015 WL 3429367, at *1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 23-1474-DDP (KS)                                                              Date: August 10, 2023

Title   <u>Lawrence Parker Hughes v. Bryan D. Phillips, Warden</u>

Cir. 2001). Additionally, in certain "extraordinary circumstances" beyond a prisoner's control, equitable tolling may be available to toll the one-year limitations period. *See Holland v. Florida*, 560 U.S. 631, 645, 649 (2010).

    The Section 2244(d)(1) limitations period is triggered and begins to run from the latest of:

    (A) the date on which the underlying judgment became final through either the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which any impediment to the filing of a federal petition created by unconstitutional state action is removed;
    (C) the date on which a newly recognized and retroactively applicable constitutional right was first recognized by the United States Supreme Court; or
    (D) the date on which the factual predicate underlying a claim could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

    As to Section 2244(d)(1)(A), the state court's judgment of conviction became final on November 24, 2015 – 90 days after the California Supreme Court's August 26, 2015 denial of the petition for review on direct appeal. *See Bowen v. Roe*, 188 F.3d 1157, 1158-59 (1999) ("[T]he period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the [90-day] period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition."). The limitations period then ran from November 25, 2015, to November 25, 2016. 28 U.S.C. § 2244(d)(1)(A). However, Petitioner did not commence the pending federal habeas action until July 26, 2023. (Dkt. No. 1.) Consequently, the Petition appears untimely by well over six years and subject to dismissal. *See* Habeas Rule 4.

    Petitioner does not discuss the statute of limitations in the Petition or argue for an alternate start date to AEDPA's limitations period. Therefore, there are no facts to support an argument based on an impediment to filing caused by unconstitutional state action. 28 U.S.C. § 2244(d)(1)(B). Likewise, while Petitioner's claims are purportedly based on intervening *state* judicial decisions, Petitioner does not assert that he seeks habeas relief based upon "a newly recognized and retroactively applicable **constitutional right** was first recognized by the United States Supreme Court." 28 U.S.C. § 2244(d)(1)(C) (emphasis added). Finally, Petitioner does not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 23-1474-DDP (KS)                                              Date: August 10, 2023

Title   *Lawrence Parker Hughes v. Bryan D. Phillips, Warden*

point to any fact underlying his claim that he belatedly discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D). To the extent Petitioner or his lawyer "discovered" that California courts issued new judicial decisions allegedly applicable to Petitioner's case, section 2244(d)(1)(D) is inapplicable. *See Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2013) (the "due diligence" clock in subsection 2244(d)(1)(D) "starts ticking when a person knows or through diligence could discover the vital facts, regardless of when their legal significance is actually discovered.") (emphasis added).

Further, the Petition does not allege, much less establish, that Petitioner is entitled to statutory or equitable tolling. It appears, in fact, Petitioner would not be entitled to any statutory tolling because he did not file his first state habeas petition at any level of the state courts until April 7, 2017, several months after AEDPA's one-year statute of limitations had lapsed. *See Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) ("Because [the petitioner] did not file his first state petition until after his eligibility for federal habeas had already lapsed, statutory tolling cannot save his claim."); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

In sum, the face of the Petition and Petitioner's publicly available state court records indicate that the Petition is facially untimely by more than six years, rendering this action subject to dismissal under Habeas Rule 4.

**IV.    Conclusion and Order**

The Court's review of the Petition and available state court records establishes that Petitioner is not entitled to relief because the Petition is untimely, which subjects the Petition to summary dismissal under Habeas Rule 4. Nevertheless, in the interests of justice, the Court grants Petitioner the opportunity to show that his Petition is, in fact, timely by filing a First Amended Petition that makes such a showing.

**IT IS THEREFORE ORDERED that, to discharge this Order and avoid dismissal, Petitioner, no later than September 11, 2023, shall file a First Amended Petition that does <u>all of</u> the following:**

> **(1) clearly identifies the date on which the statute of limitations began to run on Petitioner's claims; AND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 23-1474-DDP (KS)                                             Date: August 10, 2023

Title   <u>Lawrence Parker Hughes v. Bryan D. Phillips, Warden</u>

**(2) establishes one or all of the following:**
   **a. The Court's above analysis is incorrect and the Petition is timely;**
   **b. Petitioner is entitled to sufficient statutory tolling due to the number and timing of his state habeas petitions attacking the relevant conviction or sentence; and/or**
   **c. Petitioner diligently pursued the instant habeas claims but extraordinary circumstances beyond his control prevented Petitioner from timely filing the Petition.**

Alternatively, Petitioner may file a signed document entitled "Notice of Voluntary Dismissal" if he no longer wishes to proceed with this action.

The Clerk is directed to send Petitioner's counsel a copy of the Central District's form habeas petition.

**IT IS SO ORDERED**.

                                                                                                :
                                                              **Initials of Preparer**   eq for gr